1

2

3

4

5

6

7

I hereby certify that this Order was served by First Class mail
postage prepaid, to Petitioner A. Garcia, at his address of
record in this action on this date.

Dated:  October 10, 2012

J. Holmes  /s/
_____
DEPUTY CLERK

8

9

10

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

11

12

13

14

15

16

| ADRIAN GARCIA, | ) | Case No. EDCV 12-1641-CJC (DTB) |
| Petitioner, | ) | |
| vs. | ) | ORDER TO SHOW CAUSE |
| RON BARNES, WARDEN, | ) | |
| Respondent. | ) | |
| | ) | |

17

18

19

20

21

    On September 27, 2012, petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody herein.  The Petition purports to be directed to the sentence petitioner received in 2008, when the Riverside County Superior Court found petitioner guilty of attempted murder.  Petitioner purports to raise seven grounds for relief.

22

23

24

    Under 28 U.S.C. § 2254(b), habeas relief may not be granted unless petitioner has exhausted the remedies available in the courts of the State.[1]  Exhaustion requires

25

26

27

28

_____

    [1]    The habeas statute now explicitly provides that a habeas petition brought by a person in state custody "shall not be granted unless it appears that - (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist
(continued...)

1

1   that the prisoner's contentions be fairly presented to the state courts and be disposed

2   of on the merits by the highest court of the state.  See James v. Borg, 24 F.3d 20, 24

3   (9th Cir. 1994); Carothers v. Rhay, 594 F.2d 225, 228 (9th Cir. 1979).  Moreover, a

4   claim has not been fairly presented unless the prisoner has described in the state court

5   proceedings both the operative facts and the federal legal theory on which his claim

6   is based.  See Duncan v. Henry, 513 U.S. 364, 365-66, 115 S. Ct. 887, 130 L. Ed. 2d

7   865 (1995); Picard v. Connor, 404 U.S. 270, 275-78, 92 S. Ct. 509, 30 L. Ed. 2d 438

8   (1971); Johnson v. Zenon, 88 F.3d 828, 830 (9th Cir. 1996).

9           As a matter of comity, a federal court will not entertain a habeas corpus petition

10   unless the petitioner has exhausted the available state judicial remedies on every

11   ground presented in the petition.  See Rose v. Lundy, 455 U.S. 509, 518-22, 102 S.

12   Ct. 1198, 71 L. Ed. 2d 179 (1982).  Petitioner has the burden of demonstrating that

13   he has exhausted available state remedies.  See, e.g., Brown v. Cuyler, 669 F.2d 155,

14   158 (3d Cir. 1982).  However, the Ninth Circuit has held that, for purposes of

15   exhaustion, pro se petitions are held to a more lenient standard than counseled

16   petitions.  See Sanders v. Ryder, 342 F.3d 991, 999 (9th Cir. 2003); Peterson v.

17   Lampert, 319 F.3d 1153, 1159 (9th Cir. 2003) (en banc).  The Ninth Circuit also has

18   held that a federal court may raise the failure to exhaust issue sua sponte and may

19   summarily dismiss on that ground.  See Stone v. San Francisco, 968 F.2d 850, 856

20   (9th Cir. 1992); Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir. 1982) (per

21   curiam); see also Granberry v. Greer, 481 U.S. 129, 134-35, 107 S. Ct. 1671, 95 L.

22   Ed. 2d 119 (1987).

23   / / /

24   / / /

25

26   _____

27   [1](...continued)

28   that render such process ineffective to protect the rights of the applicant."  28 U.S.C.
     § 2254(b)(1).

Here, it appears from the face of the Petition and the California Appellate Courts website[2] that petitioner's habeas petition filed with the California Supreme Court on August 17, 2012, is still pending.  Thus, it is unclear to the Court whether or not petitioner has exhausted his available state remedies with respect to all of the grounds for relief raised in the Petition, as petitioner did not attach his state Supreme Court habeas petitions to the instant petition.

Accordingly, on or before **November 9, 2012**, petitioner is ordered to lodge with the Court his habeas petitions filed with the California Supreme Court so that the Court can ascertain what grounds petitioner raised in state court as well as determined whether or not petitioner's Petition is fully exhausted.

DATED: October 10, 2012

DAVID T. BRISTOW
UNITED STATES MAGISTRATE JUDGE

---

[2]    http://www.courts.ca.gov/courtsofappeal.htm

3